STANRAIL CORP., Appellant,

v.

UNEMPLOYMENT INSURANCE
REVIEW BOARD, et. al.,
Appellee.

No. 93A02–9911–EX–765.

Supreme Court of Indiana.

May 30, 2001.

Patrick B. McEuen, Singleton, Crist, Austgen & Sears, Munster, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

Thomas Pierce, Gary, IN, Appellee Pro Se.

SULLIVAN, J., dissenting from denial of transfer.

In this case, the record indicates that an employee was dismissed pursuant to his employer's attendance policy when he failed to call in the fact that he was going to be absent on two days. The employee then sought unemployment compensation. Under the Unemployment Insurance Act ("Act"), an employee can be terminated for "just cause," and lose unemployment compensation through the "knowing violation of a reasonable and uniformly enforced rule of an employer." Ind.Code § 22–4–15–1(d)(2). Here the Court of Appeals held that it had been reasonable for the employer to dismiss the employee for not calling in the fact that he was going to be absent. *Stanrail Corp. v. Unemployment Insurance Review Board,* 734 N.E.2d 1102 (Ind.Ct.App.2000).

This determination by the Court of Appeals appears to have been correct and I would affirm it. However, I would grant transfer to address an issue in this case identified by the Unemployment Insurance Review Board ("Board").

The rule under which the employee was terminated here was a "no-fault" attendance policy maintained by his employer. The policy assigned a certain number of demerit points to various types of attendance violations; when a minimum number of demerit points are accumulated, a specified sanction is imposed. An employee accumulating more than 500 demerit points was subject to immediate termination. Here 100 demerit points were assigned whenever an employee missed work for whatever reason and 300 demerit points were assigned for being absent without reporting. On an annual basis, each employee was entitled to five sick days, two personal business days, two periods of three or more days for illnesses requiring medical treatment, and accrued vacation days. Under the policy, an employee could accumulate sufficient demerits to be discharged simply by being sick on more than five (non-consecutive) days through no fault of his or her own.

The Board believes that violations of such "no-fault" attendance policies do not constitute "just cause" for termination under the Act. The Board contends that the purpose of the Act is to provide payment to persons unemployed through no fault of

their own and that the effect of denying benefits to persons dismissed for violating no-fault attendance policies is to deny benefits to persons who miss work through no fault of their own.

The Legislature has declared it to be the public policy of the State "to provide for payment of benefits to persons unemployed through no fault of their own." Indiana Code § 22–4–1–1. I believe we should grant transfer to make clear that benefits cannot be denied to an employee dismissed for absence due to legitimate illness where the attendance rule at issue does not provide sufficient time off for legitimate illness. To do otherwise denies benefits to persons who miss work through no fault of their own in contravention of the Unemployment Insurance Act.

However, as noted at the outset, I agree that the employee here is not entitled to relief. While the Unemployment Insurance Review Board believed the employer's attendance policy was unreasonable in that it did not allow employees sufficient time off for legitimate illnesses, the employee terminated here was not the victim of the no-fault provision: he was at fault for not reporting in as required.

BOEHM, J., concurs.